**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RONALD REGINALD PHILLIPS, | |
| Petitioner, | Civil No. 10-6276 (NLH) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

**APPEARANCES:**

    **RONALD REGINALD PHILLIPS**, Petitioner pro se
    #39691-019
    F.C.I. Fort Dix
    East: P.O. Box 2000
    Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

    Petitioner, Ronald Reginald Phillips, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction. Petitioner names as party respondent, the United States of America.

    This Court has reviewed the petition, and for the reasons set forth below, will dismiss this habeas action for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

I.   BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of petitioner's allegations.

Petitioner states that he was convicted in September 1989, in the United States District Court for the Northern District of Georgia, on numerous narcotics offenses, including drug trafficking and a charge of possession and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  (Petition at pg. 1).  Petitioner was sentenced on November 21, 1989, to an aggregate term of 420 months in prison with ten years supervised release.  (Pet., pg. 2).  The United States Court of Appeals for the Eleventh Circuit affirmed his conviction in 1992.  See United States v. Clavis, 956 F.2d 1079 (11th Cir. 1992).  The United States Supreme Court denied certiorari in 1993.  Clavis v. United States, 507 U.S. 998 (1993).

Petitioner filed his first motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, on August 25, 1995.  This § 2255 motion was denied, and the appeal was later withdrawn.  A second motion was filed on November 19, 1996, and was dismissed.  A third § 2255 motion was filed on December 21, 1999.  (Pet., pg. 2).  This motion likewise was denied on March

24, 2000.  See Phillips v. United States, Civil No. 1:99-cv-03364-WCO (N.D. Ga., Mar. 24, 2000).

Petitioner filed this habeas petition on or about December 6, 2010.  He does not allege that he sought authorization from the Eleventh Circuit to file a successive motion to challenge his conviction, as required under 28 U.S.C. §§ 2244(a), 2255.  Rather, in the present petition, Petitioner asserts that his challenge to his § 924(c) may be considered under a § 2241 habeas petition pursuant to In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), and thus, this is not a prohibited second or successive §2255 motion.

## II.  DISCUSSION

A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

3

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B. Jurisdiction

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed three earlier § 2255 motions before his sentencing court, all of which were denied, because his conviction under 18 U.S.C. § 924(c) was in violation of a later decided Supreme Court case, Bailey v. United States, 516 U.S. 137 (1995). In Bailey, the Court held that § 924(c) requires a showing that the firearm was an operative factor in relation to the predicate offense (in this case, the drug trafficking offenses). Petitioner claims that no such showing was made at his criminal trial. Thus, he contends that relief under § 2255 is "inadequate or ineffective." Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir.1997).

As noted by the United States Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the

legality of their confinement.[1]  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

---

[1] As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek

6

judicial review.  119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner fails to demonstrate that he had no other opportunity to seek judicial review with regard to this claim.  He states that the Bailey case was decided after his conviction and first § 2255 motion.  However, he fails to explain why he did not raise (if in fact he did not raise his Bailey claim) in his later two § 2255 motions, which were filed well after the Supreme Court ruled in Bailey.

To the extent Petitioner is claiming actual innocence with respect to his § 924(c) conviction, such claim also fails to warrant habeas relief in this instance.  A freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court.  See House v. Bell, 547 U.S. 518 (2006); Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993); Whitby v. Dormire, 2 Fed. Appx. 645, at *1 (8th Cir.

7

2001); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir. 2000).

In House, the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue." House, 126 S.Ct. at 2087. The Supreme Court did, however, provide some insight into what might be required to prove such a claim. Id. (noting, "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The Court recognized, as it did in Herrera, that the standard for any freestanding innocence claim would be "'extraordinarily high,'" id. (quoting Herrera, 506 U.S. at 417), and it would require more than the showing required to make a successful gateway innocence claim. Id. at 2087 ("The sequence of the Court's decisions in Herrera and Schlup[2]-first leaving unresolved the status of freestanding claims and then establishing the gateway standard-implies at the least that Herrera requires more convincing proof of innocence than Schlup."). Even assuming that such a freestanding claim could be raised, Petitioner in this instance has not met or even approached an "extraordinarily high" standard here.

Therefore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy. While he contends that Bailey was an intervening change in the law that renders non-criminal the one

---

[2] Schlup v. Delo, 513 U.S. 298, 327 (1995).

8

count for which he was convicted, he fails to explain why this claim was not asserted in his second and third § 2255 motions. Petitioner also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Therefore, this Petition must be considered a successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[3]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

This Court finds that it would not be in the interests of justice to transfer this Petition to the Eleventh Circuit given the amount of time that has elapsed from Petitioner's last § 2255

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case already has filed three § 2255 motions, which were addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

motion, which shows lack of diligence on Petitioner's part in this case.  Accordingly, this Petition will be dismissed for lack of jurisdiction.

### III.   CONCLUSION

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of jurisdiction, because it is a second or successive § 2255 motion challenging petitioner's federal sentence.  An appropriate order follows.

                                             /s/ Noel L. Hillman
                                           NOEL L. HILLMAN
                                           United States District Judge

At Camden, New Jersey

Dated: July 8, 2011